## STERLING v. UNITED STATES.

(Court of Appeals of District of Columbia. Submitted April 4, 1923. Decided May 7, 1923.)

No. 3916.

Poisons ⬾9—Evidence held not to show sale to party alleged in indictment.

Where an indictment charged a sale of narcotics to a government agent, evidence by the agent that he went to defendant's house with another, and that the other took money previously given him by the agent and went upstairs with defendant, returning shortly thereafter with some narcotic, which he delivered to the agent, does not show a sale to the agent as alleged, though it did show a sale to the other.

Appeal from the Supreme Court of the District of Columbia.

Jessie Sterling, otherwise known as Sweets, was convicted of violating the Harrison Anti-Narcotic Act, as amended, and she appeals. Reversed, with directions to grant a new trial.

David L. Riordon, of Washington, D. C., for appellant.

Peyton Gordon and J. H. Bilbrey, both of Washington, D. C., for the United States.

Before SMYTH, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

⬾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

SMYTH, Chief Justice. The appellant was jointly indicted with one Bowen in five counts, each of which charged a violation of the Harrison Anti-Narcotic Act as amended (42 Stat. 298, § 1005). Bowen was found not guilty. Sterling was convicted on all the counts, and was sentenced to a term of five years in the penitentiary. In the second count she was charged with having sold narcotics to one Ralph E. Ruby on the 14th of January, 1922. The only testimony against her with respect to this sale is that given by Ruby, a government narcotic agent. He said that he went to her house with a man by the name of Hewitt, having first given the latter $3; that after entering Hewitt told her that he wanted to get some stuff; that Hewitt and the defendant went upstairs, leaving him downstairs; that in a few minutes they came down together; that Hewitt handed witness a small bottle containing a white substance; that at the time Hewitt handed him the bottle the former said, "I got some for myself, too;" that at this time the defendant was in the same room with Hewitt and the witness, but about 10 feet away; that Hewitt spoke in a low voice, and upon being pressed by counsel for the government the witness added, "Maybe the defendant could hear him, and thought that she could;" and that he and Hewitt then left the house together. Hewitt was not called. Defendant, through her counsel, moved for a directed verdict of not guilty on all the counts; the motion with respect to the second count being based on the assumption that there was no evidence tending to show that the sale charged therein was made to Ruby. The motion was overruled, and the case went to the jury, with the result stated.

We do not think the evidence is sufficient to sustain the allegations of the second count. It shows very clearly that a sale was made to Hewitt, but there is no evidence that one was made to Ruby. The latter did not speak to the defendant on that occasion, nor did she to him. The transaction was wholly between Hewitt and her. The minds of Ruby and the defendant did not meet on the subject. Even if she heard the statement, "I got some for myself, too," that fact would not warrant the inference that she had sold some of the drug to Ruby. There is nothing upon which to predicate a sale from her to him.

Therefore we reverse the judgment, with directions to grant a new trial.

Reversed.